IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20209
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JORGE RAMIREZ-VILLA, also known as Jorge Luis Ramirez,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-357-ALL
--------------------
December 12, 2001

Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Jorge Ramirez-Villa appeals his guilty-plea conviction for illegal reentry after deportation in violation of 8 U.S.C. § 1326(a)(1) and (b)(2).  He argues that his prior felony conviction is an element of the offense which should have been alleged in the indictment.  Ramirez-Villa acknowledges that this argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but states that he is raising this issue to preserve it for possible Supreme Court review in view of the decision in Apprendi v. New

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jersey, 530 U.S. 466 (2000).  Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 121 S. Ct. 1214 (2001).

Ramirez-Villa also argues that the indictment was defective in that it did not allege that he had any general intent to reenter the United States.  Ramirez-Villa's argument is foreclosed by United States v. Berrios-Centeno, 250 F.3d 294, 298 (5th Cir.), cert. denied, 122 S. Ct. 288 (2001), in which this court concluded that an indictment charging the defendant with being "previously deported and removed" from the United States and subsequently "found present in the United States . . . without having obtained the consent of the Attorney General . . . to apply for readmission into the United States" sufficiently alleged the general intent element of § 1326. Id. at 298-300 and n.4.  Because the language of Ramirez-Villa's indictment is identical to that in Berrios-Centeno, the indictment sufficiently alleged the general intent element of the offense.  See id. at 298-300.

AFFIRMED.